IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-2494 CW<br><br>ORDER DENYING AS MOOT DEFENDANTS CNN'S AND DOW JONES' MOTIONS TO DISMISS, DOCKET NOS. 31, 33, 40 and 41, AND THE UNITED STATES' MOTION FOR AN ORDER SHORTENING TIME, DOCKET NO. 43; SETTING BRIEFING SCHEDULE AND DEADLINE FOR PLAINTIFF TO SERVE PROCESS; VACATING JANUARY 26, 2012 HEARING DATE; and DENYING PLAINTIFF'S REQUEST FOR AN ORDER OF RECUSAL, DOCKET NO. 51 |

    In this action, Plaintiff Wanxia Liao has brought suit against numerous governmental and non-governmental Defendants. On November 7, 2011, Defendants Cable News Network (CNN) and Dow Jones & Company, Inc, erroneously sued as The Wall Street Journal, moved to dismiss Liao's claims. Docket Nos. 31 and 33. Subsequently, Liao submitted an amended complaint, and CNN and Dow Jones moved to dismiss claims against them alleged in that

complaint. Docket Nos. 40 and 41. On December 12, 2011, the action was reassigned to the undersigned and all matters then scheduled for hearing, including the motions to dismiss, were vacated. On December 14, 2011 CNN and Dow Jones refiled their motions to dismiss the claims in the amended complaint. Docket Nos. 47 and 49. In light of the above, the motions to dismiss claims in the original complaint are denied as moot, as are the first two motions to dismiss claims in the amended complaint. Docket Nos. 31, 33, 40 and 41.

Because CNN's and Dow Jones' remaining motions to dismiss are nearly identical to each other and the arguments were included in their earlier motions to dismiss, Plaintiff shall file and serve a consolidated opposition to both motions, not to exceed twenty-five pages, on or before January 3, 2012. If Plaintiff does not file an opposition by that deadline, the claims will be dismissed for failure to prosecute. On December 27, 2011, Plaintiff shall also submit her opposition, not exceed twenty-five pages, to the United States' motion to declare her a vexatious litigant.

On or before January 10, 2012, CNN and Dow Jones may file a consolidated reply, not to exceed fifteen pages, and the United States may file a reply, not to exceed fifteen pages.

The Court will consider all three motions on the papers. The January 26, 2012 hearing dates are vacated, and the United States' motion for an order shortening time is denied as moot. Docket No. 43.

It also appears that Plaintiff has not properly served summons, the complaint and the amended complaint on Defendants pursuant to Federal Rule of Civil Procedure 4. CNN and Dow Jones,

2

unlike the United States, have waived service of process by appearing and litigating the action without raising the issue. Within thirty days, Plaintiff shall serve all Defendants, except for CNN and Dow Jones, pursuant to Rule 4, and submit proof of service to the Court, otherwise her claims against those Defendants will be dismissed for failure to prosecute.

Finally, on December 16, 2011, Plaintiff filed a "Declaration under § 144 of USC Bias or Prejudice of Judge to Disqualify Claudia Wilken." The filing appears to be a request for an order of recusal.

Title 28 U.S.C. § 455(a) states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) enumerates several additional circumstances in which a judge shall disqualify him or herself from a proceeding, including, where the judge has a personal bias or prejudice concerning a party. See, e.g., 8 U.S.C. § 455(b)(1). The standard applied under § 455 includes an objective test--"a judge must recuse in any case where 'his impartiality might reasonably be questioned'"--and a subjective test, requiring the judge "'to determine whether he can be truly impartial when trying the case.'" United States v. Spangle, 626 F.3d 488, 495-96 (9th Cir. 2010) (quoting § 455(a) and United States v. Holland, 519 F.3d 909, 911-12 (9th Cir. 2008)). A judge's impartiality cannot be questioned reasonably solely on the basis of a party's

3

dissatisfaction with the court's prior ruling.  Such dissatisfaction is the gist of Plaintiff's argument here.  The undersigned is able to be impartial in presiding over this case.  Having considered Plaintiff's request, the Court denies it.

    IT IS SO ORDERED.

Dated: 12/23/2011

CLAUDIA WILKEN
United States District Judge