IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO, | No. C 11-2494 CW |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR RELIEF AND REQUEST FOR RECUSAL (Docket No. 51) |
|   v. | |
| UNITED STATES OF AMERICA, et al., | |
|     Defendants. | |

Plaintiff Wanxia Liao has filed an emergency motion for relief from the Court's scheduling order, Docket No. 23, and seeks reconsideration of the Court's denial of her motion for recusal. Having considered Plaintiff's submissions, the Court grants the motion.

Plaintiff's request for an extension of time to file her opposition to the United States' motion to declare her a vexatious litigant is GRANTED. To allow time for Plaintiff to receive this order by mail at her Toronto address, the new deadline for Plaintiff's opposition to the United States' motion is twenty-one days from the date of this Order. Plaintiff must serve her opposition on the United States and mail it to this Court by that date.

1	Plaintiff, who is pro se, has efiled several documents, although she has never requested permission to use the Court's electronic filing system in this case.  Paragraph III of General Order No. 45, Electronic Case Filing, of this Court excludes pro se litigants from the Court's electronic filing program unless otherwise ordered by the assigned Judge.  If Plaintiff wishes to efile in this case, she must submit a motion requesting permission to do so.  Absent permission to efile, all documents that she files electronically in the future will be stricken from the docket.

Plaintiff's motion does not request relief from the January 3, 2012 deadline to file a response to Defendants Cable News Network's and Dow Jones & Company, Inc's pending motions to dismiss.  Docket Nos. 47 and 49.  Plaintiff's motion does not mention the pending motions to dismiss, although it indicates that she received the Order setting the January 3, 2012 deadline.  The motions were filed and served on Plaintiff by mail on December 8, 2011, and then refiled and served on Plaintiff by mail again on December 14, 2011, after the case was reassigned to the undersigned.

Nonetheless, the Court extends Plaintiff's deadline to respond to Defendants Cable News Network's and Dow Jones & Company, Inc's pending motions to dismiss, Docket Nos. 47 and 49.  Plaintiff shall mail her consolidated response within twenty-one days from the date of this order.  If she does not do so, these claims will be dismissed for failure to prosecute.

Plaintiff also seeks reconsideration of the Court's denial of her request for recusal based on bias or prejudice.  The Court's

2

December 23, 2011 order did not address Plaintiff's argument that recusal is required because she has sued the undersigned in a related case.

In this action, Plaintiff has alleged, among other causes of action, a "claim" under Federal Rule of Civil Procedure 60(b) for relief from judgment in Liao v. Ashcroft, 08-cv-2776 (Liao). In Liao, the undersigned was named as one of numerous defendants. On March 11, 2009, the Honorable Phyllis J. Hamilton of this Court dismissed Plaintiff's claims against the undersigned and others for failure to serve process, pursuant to Federal Rules of Civil Procedure 4. Plaintiff sought to appeal the order, but was unsuccessful. Here Plaintiff claims that the Ninth Circuit fraudulently rejected her appeal. In addition, Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361, requiring officials from the Department of Justice to investigate, among other individuals, Judge Hamilton, to determine whether she engaged in fraud or other unlawful conduct with respect to her handling of Liao.

Tile 28 U.S.C. § 455(a) requires any justice, judge, or magistrate judge of the United States to disqualify him or herself in any proceeding in which his or her "impartiality might reasonably be questioned." The Ninth Circuit has explained that courts applying § 455(a) must determine "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Central Dist. of California, 428 F.3d 1175, 1178 (9th Cir. 2005). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve

3

the case on a basis other than the merits. Id. The standard "means a well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." Id. (internal quotation marks omitted). Because Plaintiff's complaint in this case seeks to revive her claims against the undersigned, and Plaintiff did in fact sue the undersigned, a reasonable person could perceive a risk of bias by the undersigned in adjudicating the merits of this case. The Court declines to impute to a reasonable person the legal knowledge necessary to understand that Plaintiff's claims in this action lack merit. Therefore, Plaintiff's request for reconsideration is granted and the undersigned recuses herself from this action. The clerk shall reassign the case, but shall not assign it to Judge Hamilton or Judge Alsup, who have been named as Defendants in this action.

IT IS SO ORDERED.

Dated: 1/6/2012

CLAUDIA WILKEN
United States District Judge